## KIRKSEY *vs.* FIKE.

[SLANDER FOR WORDS SPOKEN.]

1. *Conversion by joint owner, or tenant in common, not larceny.*—A joint owner, or tenant in common, cannot be guilty of larceny by taking and disposing of the whole property to his own use; unless he takes it out of the hands of a bailee, with whom it was left for safe keeping, and the effect of such taking would be to charge the bailee.

2. *Words held not slanderous.*—The words, "He is mighty smart after night," "Put him in the dark, and he would get it all," falsely and maliciously spoken by defendant, of and concerning plaintiff, do not impute the crime of larceny, and are not in themselves actionable; nor are they slanderous, when alleged to have been spoken in a conversation had in the presence of third persons, "with reference to a dispute and difficulty which existed between plaintiff and defendant, relative to a certain tan-yard, and the hides and leather in said tan-yard, and the division and disposition of the same."

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Harlan Fike against Isaac Kirksey, to recover damages for the false and malicious speaking of the following (with other) words : " He is mighty smart after night"; "Put him in the dark, and he would get it all." The first count in the declaration alleged that these words were spoken by the defendant, of and concerning the plaintiff, in the presence of divers third persons, "in a certain conversation which was then had, with reference to a dispute and difficulty which existed between plaintiff and defendant, relative to a certain tan-yard, and the hides and leather in said tan-yard, and the division and disposition of the same"; thereby meaning that plaintiff would steal and commit the crime of larceny after night, and intending to charge plaintiff with having committed the crime of larceny, and intending to be so understood, and being in fact so understood, &c. The defendant demurred to the whole declaration, to each count, and to each accusation specified in each count. The court overruled his demurrer, as to the words above mentioned; and this ruling, with others, is now assigned as error.

MORGAN & MARTIN, for the appellant.

WHITE & PARSONS, *contra.*

RICE, C. J.—The first question presented for our decision is, whether there was error in overruling the demurrer as to the following words set forth in the first count; to-wit: "He is mighty smart after night." The second question presented is, whether there was error in overruling the demurrer as to the following words set forth in that count; to-wit: "Put him in the dark, and he would get it all." We shall consider these questions together, not because they are in all respects alike, but because the grounds upon which we shall place our decision will apply to the one as well as to the other. And we shall steadily keep in view the fact, that the meaning and office of an *averment*, and of a *colloquium*, and of an *innuendo*, are not the same, but different and well defined, as explained with clearness and precision in Van Vetchen v. Hopkins, 5 Johns. Rep. 220.

The words herein above quoted are not actionable in themselves. They do not directly impute to the plaintiff the crime of larceny. But, although they are doubtful, or apparently innocent, and although, unexplained, they do not impute to the plaintiff the crime of larceny; yet, if they were intended to convey, and could and did convey such imputation, they form the legal basis of an action.—1 Starkie on Sl. (edition of 1852,) 87, 391–393; Goodrich v. Woolcott, 3 Cowen, 231; Andrews v. Woodmansee, 15 Wend. 232; Briggs v. Byrd, 11 Iredell, 353; Sasser v. Rouse, 13 Iredell, 142; Miller v. Maxwell, 16 Wendell, 9; Hall v. Blandy, 1 Young and Jervis, 480.

Whether these words are *capable* of an actionable meaning, is a question of law, to be decided by the court. And if they have this capability, then arises this other question, which it is the province of the court to decide, whether the actionable quality of these words is legally disclosed by the count. 1 Starkie on Slander, 45, 82, 83, 86, 92, 93, and notes; Dudley v. Horn, 21 Ala. R. 379: Robinson v. Drummond, 24 Ala. Rep. 174; Van Vetchen v. Hopkins, *supra*; Miller v. Maxwell, 16 Wendell, 9.

The actionable quality of these words is not legally dis-

closed, if it appears only by an *innuendo*; for an *innuendo* cannot be used to introduce new matter, nor can it extend the sense of the words beyond their own meaning, unless something be put upon the record for it to explain.—Hawks v. Hawkey, 8 East's Rep. 427; Watts v. Greenlee, 2 Dev. Rep. 115.

It is argued for the plaintiff, that the actionable quality of these words is legally disclosed in the first count, by an *averment* which is, in substance, as follows, to-wit: that at a specified time, the defendant falsely and maliciously, in the presence of divers citizens, spoke those words "of and concerning the plaintiff," "in a conversation which was then had, with reference to *a dispute and difficulty* which existed between *plaintiff and defendant*, relative to a certain tan-yard, and the hides and leather in said tan-yard, and the *division and disposition* of the same." But we think this very averment shows, that these words could not, and did not, impute to the plaintiff the crime of larceny. Our reasons for thinking so are the following :

1. Those words take their complexion from the subject-matter to which they are applied, and will not be considered as intended of a felonious stealing, when no felony could have been committed of such subject-matter.—1 Starkie on Slander, 93; Dexter v. Taber, 12 Johns. Rep. 239; Wright v. Lindsay, 20 Ala. Rep. 428; Robinson v. Drummond, *supra.*

2. The subject-matter to which the foregoing *averment* shows those words were applied, was *the joint property of the plaintiff and defendant.* We say it was their *joint property*, because we must construe the count most strongly against the pleader; and, thus construing it, the inference from the facts averred by him is reasonable, that the tan-yard and hides and leather therein belonged jointly to the parties to this suit. If that is not so, why were the parties in a dispute and *difficulty* as to the "*division* and disposition" of that property ? Why is there nothing in the count to negative the inference that it was joint property ? Assuming, as we must, as against the pleader, that it was the joint property of the parties, it is clear one of the joint owners, or tenants in common, could not be guilty of larceny, by taking it and disposing of the whole of it to his own use; and that such taking and disposing

Kirksey v. Fike.

of it would be merely the subject of a civil remedy, unless he took it out of the hands of a bailee, with whom it was left for safe custody, or the like, and the effect of such taking would be to charge the bailee.—2 Waterman's Archb. Cr. Pl. 368; 1 Hale, 513; Rex v. Bramley, 1 Russ. & Ry. 478; Rex v. Wilkinson, *ib.* 470; Spivey v. The State, 26 Ala. R. 90; Long v. The State, 27 Ala. Rep. 32.

3. There is no averment in the count, that the joint property of the parties, to which these words were applied, was ever in the hands of any such bailee.

Our conclusion is, that the first count shows that these words did not impute to the plaintiff the crime of larceny, and that they have not an actionable quality. And therefore we hold, that the court below erred in overruling the demurrer as to them.—1 Starkie on Slander, 82, 83, 86, 92, 93, and notes ; Andrews v. Woodmansee, *supra*; Brady v. Wilson, 4 Hawks, 93; Dudley v. How, *supra.*

We do not decide that a good count cannot be framed upon them. But the first count, as now framed, is so manifestly defective as to them, that we are compelled to reverse the judgment for the error in holding it good in that respect.

As the cause must for that error be remanded, we shall not examine or decide any other question presented by the record. We take this course, because we think it the fairest towards the parties. We would express our opinion as to all the other questions, if we did not feel satisfied from what we see in the record, that when the cause is remanded, the several counts of the declaration will be so amended as to present the case in a very different aspect from that in which it is now presented.

Judgment reversed, and cause remanded.

WALKER, J., not sitting.