## SMITH *vs.* GAFFARD.

[SLANDER FOR WORDS SPOKEN OF UNMARRIED FEMALE.]

1. *Admissibility of evidence showing sense in which words were understood by hearers.* Where the words charged in the declaration are not, *per se*, actionable, and are not averred to have been intended to impute a slander, or to have been so understood by the hearers, the plaintiff cannot be permitted to prove the sense in which they were understood by the hearers, so as to convert them into a slanderous charge.

2. *Admissibility of evidence in explanation of admission.*—Plaintiff having proved an admission by defendant of what he had said, in a conversation between his brother and himself, relative to the plaintiff, it is competent for the defendant, in rebuttal of any inference of malice from the words used by him, to prove what he did actually say in the conversation with his brother, and the circumstances under which it was said.

3. *Presumption in favor of ruling of primary court.*—Where the admissibility of evidence depends upon the other evidence then before the court, and the bill of exceptions does not show whether, at the time it was admitted, the other evidence which authorized its admission was before the court or had been excluded, the appellate court will make that intendment which may be necessary to sustain the ruling of the primary court.

4. *Responsiveness of answer to interrogatory.*—In answer to an interrogatory, calling on the witness to state, if he heard a particular conversation relative to the plaintiff, "how it occurred, and what it was, and who were present," an answer in these words, "I have no recollection at this time of the plaintiff's name being mentioned in the conversation had on that day," although not full and satisfactory, is responsive to the interrogatory.

5. *Liability of next friend for costs.*—In an action brought by an infant, suing by next friend, judgment for costs may be rendered against the next friend, if the plaintiff fails in the suit.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. E. W. PETTUS.

This action was brought by Caroline Smith, an infant suing by her next friend, against James M. Gaffard. The words charged in the complaint were as follows : " Caroline Smith lost a young one, or miscarried ; it took place at Jack Smith's, and Mrs. Hawkins was sent for, but it was all over when she got there." " Caroline Smith has lost a young one; Mrs. Hawkins was sent for, but it was all over when she got there." " Mrs. Hawkins told me, that Caroline Smith had lost a young one, and a negro woman found it, and showed it to her." " There was something the matter with Caroline Smith that was pretty bad; it is said she has lost a young one, but there is some little room for doubt whether it is so or not." " Mrs. Hawkins told me, that there was something the matter with Caroline Smith more than common at such times, (meaning the period of menstruation;) she has lost a young one, or there has been an abortion." " Caroline Smith was troubled with milk, and had to come back; they sent her off, but her breasts rose, and they had to bring her back; every thing else was there if ·the child was not." An amendment of the complaint added the following averment "to the 2d, 3d, 4th and last set of words," to-wit: " And plaintiff avers, that the defendant, by the use of said words, intended to charge, and was understood by the persons who heard them to charge, that the plaintiff had been pregnant with a child, and had miscarried or given birth to it ; and she further avers, that she is now, and ever has been, an unmarried female." The defendant pleaded not guilty, and issue was joined on that plea.

" On the trial," as the bill of exceptions states, "the plaintiff introduced one Samuel Matthews as a witness, who testified, that in June, 1856, in company with the plaintiff's father, he went to the house of David W. Gaffard, a brother of the defendant, for the purpose of tracing up some reports about the plaintiff; that he called on the defendant, on the next day, in company with one Robert Perry, and told him that they had called on him about some reports about Caroline Smith ; that the defendant did not inquire what the reports were, and nothing

12

was said in the conversation as to the character of the
reports; that he asked defendant if he had not said some-
thing about Caroline Smith; that defendant replied, he
had not; that witness then asked him, if he had not been
at the mill a short time before; that defendant asked,
'What mill? your mill?' that witness answered, 'No,
your brother David's mill;' that the defendant, without
any further inquiry, and without asking what reports
were in circulation, replied, 'Yes, I am glad that you
have reminded me of it. I did tell my brother David,
that Mrs. Hawkins told me there was something the mat-
ter with Caroline Smith more than was common with
young women at such times; but I meant no harm by it,
and am sorry that anything has grown out of it.' Witness
further testified, that the defendant made no inquiry as
to what the reports were. Plaintiff's attorney asked him,
how he understood the defendant's words; to which he
replied, that he understood them to charge that Caroline
Smith had miscarried; but, on cross examination, said
witness stated, that he did not understand the words, of
themselves, to charge plaintiff with a want of chastity.
Plaintiff's attorney asked said witness, on re-examination,
'How did you understand the words, taking them in con-
nection with the reports about which you were talking?'
The defendant objected to this question, but the court
permitted it to be asked; and the witness answered, that
he understood the words, in connection with the reports
about which they were talking, to mean that Caroline
Smith had miscarried. The court afterwards, during the
progress of the trial, excluded from the jury the answer
of said witness to said question, and instructed them that
they must not consider said answer as evidence in the
case; to which action and ruling of the court the plaintiff
excepted.

" Robert Perry, who was with said Matthews on the
occasion referred to, was also introduced as a witness by
the plaintiff, and testified, that he understood the defend-
ant at that time to say, that he had told his brother David,
that Mrs. Hawkins had told him, that Caroline Smith was
in a bad condition, and a great deal worse than young

Smith v. Gaffard.

women usually were at such periods. (Other proof in the case tended to show, that the plaintiff was at that time suffering from an excessive menstrual discharge.) Plaintiff's attorney then asked this witness, what he understood the defendant to mean by the words uttered by him; and the witness replied, that he would not, from the words alone, have understood the defendant to make any charge against the plaintiff's chastity, *but that, taking the words in connection with the reply about which they were talking, he understood the defendant to mean that Caroline Smith had lost a child.*" To the italicized portion of this answer the defendant objected; but the court overruled the objection, and allowed the entire answer to go to the jury as evidence. "In the further progress of the trial, however, the court excluded said answer from the jury as evidence, and the plaintiff excepted."

"After the plaintiff's testimony had closed, the defendant introduced his brother, David W. Gaffard, as a witness, who testified, that he owned a mill in the year 1856, which was about four or five miles from the defendant's house; that he never had any conversation with the defendant at said mill, about the plaintiff, prior to July, 1856; that the defendant, prior to that time, never said anything to him about the plaintiff, except in a conversation which occurred between them, in June, 1856, at the house of their mother, which was about one mile from witness' mill. The defendant then proposed to prove by this witness what he said about the plaintiff in that conversation. To this the plaintiff objected; but the court overruled the objection, and permitted the witness to state what his brother said in that conversation; to which ruling of the court the plaintiff excepted. The witness then testified, that the defendant told him, in said conversation, that Mrs. Hawkins had told him there was something pretty bad the matter with Caroline Smith; and that he understood the defendant to mean that she was very sick, and nothing more. To the admission of this answer the plaintiff excepted."

There were other exceptions to the rulings of the court on the evidence, which require no particular notice.

The jury returned a verdict for the defendant, and the court thereupon rendered judgment for costs against the plaintiff's next friend.

The rendition of the judgment for costs, and the rulings of the court on the evidence, are now assigned as error.

BAINE & NESMITH, with whom was JOHN K. HENRY, for the appellants.

WATTS, JUDGE & JACKSON, *contra.*

WALKER, J.—There was no error in the exclusion by the court of the evidence of the two witnesses, Matthews and Perry, as to the sense in which they understood the words of the defendant, when taken in connection with certain reports. There is a class of cases, which this court has defined in Robinson v. Drummond, 24 Ala. Rep. 174, where it is permissible to prove the sense in which the witnesses understood the words spoken.—Briggs v. Byrd, 11 Iredell's Law, 553; S. C., 12 *ib.* 377; Sasser v. Rouse, 13 *ib.* 142; Snell v. Snow, 13 Metc. 278; Morgan v. Livingston, 2 Rich. 573; Gibson v. Williams, 4 Wend. 320; Beardsley v. Maynard, *ib.* 336; S. C., 7 *ib.* 560. If the words proved by the two witnesses bring this within that class of cases, (a point which we do not consider,) nevertheless the evidence was properly excluded, because there was no corresponding averment in the declaration. The words, as averred in the declaration, are innocent. The corresponding words, as proved, are, *per se*, innocent. The plaintiff cannot be permitted to convert into slander by proof words which, as stated in the declaration, are not actionable. If she could, she might recover upon proof without pleading.—Robinson v. Drummond, *supra;* Kirksey v. Fike, 29 Ala. 206.

[2.] The defendant showed by the testimony of his brother, David Gaffard, that there had been between them only one conversation in relation to the plaintiff, prior to the time when the defendant's admission of what he had said to that brother was proved by Matthews and Perry to have been made. The defendant offered to prove what he did say of the plaintiff in that conversation. After the

ruling of the court in favor of the admissibility, and an exception by the plaintiff, the witness stated, that the defendant said : "Mrs. Hawkins had told him there was something pretty bad the matter with Caroline Smith; and that he understood the defendant to mean, the plaintiff was very sick, and nothing more." To this evidence the plaintiff objected, and, the objection being overruled, excepted. The objection was to the entire evidence. There was no separate objection to the statement by the witness of his understanding as to the meaning of the plaintiff. There was, therefore, no error in overruling the objection to the evidence, if it was admissible so far as it contained the statement of what the defendant said to the witness. Thus far the proof made corresponded with the evidence offered, and the same question is raised by overruling the objection to the evidence proposed, and by overruling the objection to the proof made. By the evidence before the court it was shown, *prima facie*, that the conversation, to which the admission proved by Matthews and Perry referred, and the conversation as to which David Gaffard testified, were the same. This was apparent because there had been but one conversation; and it was a fair inference from the testimony, that the conversation admitted by the defendant to the plaintiff's witnesses, and that proved by the defendant's brother, occurred in June, 1856. The argument of plaintiff's counsel against the identity of the conversations is based upon a misapprehension of the testimony. It does not appear that the conversations occurred at different places. The plaintiff's testimony conduced to show, that the conversation occurred, (not at David Gaffard's mill,) but on an occasion when the defendant went to that mill. The testimony of David Gaffard is, that the conversation was had at his mother's house, about a mile from the mill, which was several miles from the defendant's residence. The conversation may have occurred when the defendant went to his brother's mill, and yet may have been at his mother's house a mile from the mill. The testimony is, therefore, reconcilable with, and does not overturn, the

*prima-facie* case in favor of the identity of the conversations.

The court, acting upon the *prima-facie* case apparent before it, found that the plaintiff had made proof of a certain conversation, and that the defendant proposed to prove by a different witness what was said in the same conversation. The proof thus proposed was clearly admissible. The circumstances under which the defendant stated what he had said to his brother, and the qualification and explanation accompanying the admission, would prevent the mere fact, that he repeated in the admission the words previously said to his brother, from availing any profitable purpose; but the admission proved opened the door for comment upon what had been said to David Gaffard, as evidence of malice, if not of slander. The defendant, being thus placed in a situation to be affected by the conversation with David Gaffard, was properly allowed to give evidence of what was said in that conversation.

[3.] The bill of exceptions does not disclose whether the testimony of David Gaffard was admitted before or after the exclusion of the testimony of Matthews and Perry as to their understanding of what the defendant had said; and if it were necessary to the affirmance of the judgment, we would make the intendment consistent with the correctness of the ruling of the court, and regard the testimony of Gaffard as given in while that of Matthews and Perry was before the court.

[4.] The court did not err in overruling the motion to exclude that portion of Mary Elizabeth Gaffard's answer to the third interrogatory, in which she said: "I have no recollection at this time of the plaintiff's name being mentioned in the conversation we had on the 3d and 4th of July, 1856." The objection was that the testimony was not responsive to the interrogatory. The interrogatory was as follows: "If there was a conversation on the 3d and 4th of July, 1856, relative to the plaintiff, state how it occurred, and what it was, and who were present." It is true there might possibly have been a conversation relative to the plaintiff, without mention of her name.

But the tendency of the answer was very directly to negative the fact that any conversation on the subject occurred. The answer was, therefore, responsive to the interrogatory, although not so full and satisfactory as might have been desired.

[5.] There was no error in rendering the judgment for costs against the plaintiff's "next friend." The law is so settled in Perryman v. Burgster, 6 Porter, 99; see, also, 1 Tidd's Practice, 72.

The judgment of the circuit court is affirmed.