## BUCKLEY vs. CUNNINGHAM.

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Hearsay inadmissible.*—A witness cannot be allowed to testify, that a certain fact existed, as he *understood* at the time.

2. *Mode of proving opinion of physician.*—A physician cannot be allowed to state, that, after making a professional visit to the slave whose soundness is in controversy, he expressed the opinion to plaintiff that the slave must have been unsound when purchased by him.

3. *Motion to suppress deposition on account of insufficiency of answers to cross interrogatories.*—A deposition will not be suppressed, " on the ground that the witness has not answered fully and fairly the cross interrogatories," when all the questions appear to have received a substantial answer, and nothing is shown which would justify the conclusion that the witness was seeking to evade a disclosure of facts within his knowledge, or of his professional opinions.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. A. A. COLEMAN.

THIS action was brought by Wm. L. Buckley, against Columbus Cunningham and LaFayette Morrow, to recover damages for a breach of warranty of the soundness of a slave, named Will. The only plea was the general issue. On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence the depositions of Dr. F. A. Ross, Dr. J. C. Nott, John P. Smith, and Wm. McCall. Dr. Ross' deposition contained the following (with other) statements: "On the 19th March, 1856, I was called upon to visit a negro man, named Will, owned by Capt. W. L. Buckley, *and then recently purchased by him, as I understood at the time.* * * * At the time when I first saw the negro, I did not think that he presented a healthy appear-

ance, although he seemed rather stout; *and I expressed the opinion to Capt. Buckley, that I did not think, from what the boy told me on my first examination of him, that he could have been sound when he purchased him.*" The italicized portions of these statements were excluded by the court, on the defendants' objection, and the plaintiff excepted. The witness Smith testified, among other things, as follows: "*I understood that it became necessary to favor him [the slave] from the most laborious parts of his duties, and that he was put under the care of a physician at Mobile;*" and the witness McCall likewise testified, "*I understood he was sent to Dr. Nott's hospital.*" These portions of each deposition were excluded by the court, on the defendants' motion, and the plaintiff excepted. The plaintiff also moved the court to suppress the deposition of Dr. Hendrix, a witness examined by the defendants, "on the ground that he had not answered fully and fairly the cross interrogatories propounded to him by plaintiff," and reserved an exception to the overruling of his motion. The deposition of W. W. Knox was also taken by the defendants; the third interrogatory, with the answer thereto, being as follows: "State all you may know beneficial to the defendants, or going to show that said negro was sound on the 8th December, 1855." *Ans.* "I know nothing more that would benefit the defendants, except that said negro, up to the time when he was sold by Bowie and left this county, which was in the summer or fall of 1855, had the appearance and habits described in the answer to the second interrogatory." The plaintiff moved the court to suppress this answer, "on the ground that it was illegal and irrelevant evidence," and excepted to the overruling of his motion. The rulings of the court on the evidence, as above stated, are now assigned as error.

BYRD & MORGAN, for appellant.

JAMES B. MARTIN, *contra.*

R. W. WALKER, J.—Those parts of the depositions of Smith and McCall which were excluded by the court, were mere hearsay, and therefore properly rejected. So,

also, was that part of the deposition of Ross, in which he refers to the negro. Will as one recently purchased by Buckley, *as he understood at the time.*

[2.] The statement of the same witness, that after his visit to the negro, he expressed the opinion to Buckley that the boy could not have been sound at the time Buckley purchased him, was clearly inadmissible.

The answer of the witness Knox to the last interrogatory was responsive to the question propounded, and the facts there stated were relevant testimony.

[3.] The answers of Hendrix to the cross interrogatories are certainly not chargeable with redundancy; but, upon a careful examination of them, it appears that all the questions receive a substantial answer; and as we can discover nothing which would justify us in concluding that the witness was seeking to evade the disclosure either of his knowledge of the facts, or of his professional opinion, we think that the court committed no error in refusing to suppress his deposition.—Spence v. Mitchell, 9 Ala. 744; Nelson v. Iverson, 24 Ala 9.

The judgment is affirmed.