## STERRETT'S EXECUTOR *vs.* KASTER.

[TRESPASS FOR INJURIES TO PERSONAL PROPERTY.]

1. *General objection to evidence.*—A general objection to evidence, a part of which is legal, may be overruled entirely.
2. *Evidence in mitigation of damages.*—On the execution of a writ of inquiry, after judgment by default, in trespass for taking personal property, the fact that the property was, at and before the levy of the execution, which constituted the trespass complained of, in the possession of the defendant in execution, is competent evidence for the defendant, in mitigation of damages, as tending to show that he acted in good faith in having the levy made.
3. *Same.*—In such case, the judgment by default estops the defendant from showing, even in mitigation of damages, that the plaintiff had not such a title as would authorize a recovery; yet he may show, in mitigation, that the plaintiff was not the owner of the property, as that fact is not necessarily inconsistent with the plaintiff's right to recover.
4. *Validity of contract with slave.*—Although the sale of any article to a slave, without the consent of the master, specifying the article, is a penal offense under the laws of this state; yet, if the contract has been fully executed, and the property delivered to the slave, it does not lie in the mouth of a third person, when sued by the master for a trespass to the property, to allege the illegality of the contract.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. NAT. COOK.

THIS action was brought by F. K. Beck, as the executor

of D. W. Sterrett, deceased, against Henry Kaster, to recover damages for the tortious taking of certain personal chattels, consisting principally of articles of household furniture. On the execution of a writ of inquiry, after judgment by default, as the bill of exceptions states, "the plaintiff proved, that the goods mentioned in the complaint were worth forty dollars; that the defendant, who had an execution against one Tucker, had said goods levied on and sold, under said execution, as the property of said Tucker, before the commencement of this suit, and that said goods brought forty dollars at said sale. The defendant then offered to prove, in mitigation of damages, that said Tucker was in the possession of said goods, at and before the levy of said execution, and, whilst thus in possession of them, claimed them as his own property. The plaintiff objected to this evidence, as illegal and irrelevant, and excepted to its admission by the court against his objection. The defendant then introduced another witness, and offered to prove by him, in mitigation of damages only, that prior to the sale of said goods under execution against said Tucker, and at the time of said levy and sale, said Tucker kept a restaurant in the town of Camden, and had said goods in his possession, using them in and about his said business, and claiming them as his own property. The plaintiff objected to the admission of this evidence, and excepted to its admission by the court against his objection. The proof showed, also, that whilst said Tucker was thus keeping said restaurant, a negro man slave, named Abb, the property of plaintiff's testator, was also in said restaurant, exercising the ordinary duties of a waiter and servant about such establishments. The plaintiff offered to prove, that said slave Abb, before said goods went into the possession of said Tucker, had purchased them, and paid his own money for them, and they had been delivered to him; but did not offer to prove, that said goods were purchased by said slave by and with the consent of his master, verbal or written, expressing the articles permitted to be bought, in conformity with the requisitions of the statute in such case made

and provided. This evidence the court excluded from the jury, on the defendant's objection, and the plaintiff excepted."

The court charged the jury, in substance, that the defendant had a right to show, in mitigation of damages, that the plaintiff was not the owner of the goods at the time the action was brought; and that if they believed, from the evidence, that the goods were not the property of the plaintiff at the time of the levy and sale under execution, they must still find for the plaintiff, but might give him no more than nominal damages; to which charges the plaintiff excepted.

The rulings of the court on the evidence, and the charges given to the jury, are now assigned as error.

BYRD & MORGAN, for appellant.—1. A judgment by default is an admission of record, which estops the defendant from pleading to the merits, or from showing that the title to the property is not in the plaintiff.—*Ewing v. Peck & Clarke*, 17 Ala. 339; *Bryant v. Sheeley*, 5 Dana, 530; 1 Tidd's Practice, 562–4, and notes. The declarations of Tucker showed title in himself, and, for that reason, ought to have been excluded.—*McBride v. Thompson*, 8 Ala. 652; *Abney v. Kingsland*, 10 Ala. 355; *Darling v. Bryant*, 17 Ala. 10.

2. When property is bought by a slave, and delivered to him by the vendor, the title vests in the master, and he may recover it by suit, although his prior consent to the contract was not given. The bringing of the action shows an election by him to ratify the contract; and third persons cannot be heard to say, that the contract was illegal on the part of the vendor.—*Brandon v. P. & M. Bank*, 1 Porter, 320; *Trotter v. Blocker*, 6 Porter, 269; *Stanley v. Nelson*, 28 Ala. 514; *Bryant v. Sheeley*, 5 Dana, 530.

WATTS, JUDGE & JACKSON, *contra.*—1. In the action of trespass, the title to the property, the right of possession, and the actual possession, may all be involved; and a judg-

ment by default, while it estops the defendant from controverting the plaintiff's right to recover, is not an admission that he had the title to the property, nor even that he had the rightful possession : on the contrary, the extent of the plaintiff's interest is a proper subject for the consideration of the jury in determining the amount of his damages.—Sedgwick on Damages, 475, and notes.

2. The contract by which the slave acquired the goods, being prohibited by statute, was absolutely void, and vested no title in the master ; and if he could impart any validity to it by his subsequent ratification, his election to ratify it ought to have been manifested while the goods were in the possession of the slave.—*Stanley v. Nelson*, 28 Ala. 514 ; *Shanklin v. Johnson*, 9 Ala. 271 ; *Sully v. Beatty*, 1 Bay, 258.

R. W. WALKER, J.—The familiar rule, that a general objection to evidence, a part of which is legal, may be overruled entirely, disposes of the first two exceptions. A part of the evidence covered by each of these exceptions was, that Tucker was in possession of the goods, at and before the levy of the execution; and this fact, as it tended to show that the defendant acted in good faith, in having the goods seized and sold as the property of Tucker, was competent evidence upon the question of damages.—Sedgwick Dam. 528–9.

[3.] After a judgment by default, the defendant has not the legal right to plead to the merits of the action.—*Ewing v. Peck & Clarke*, 17 Ala. 339. But, in actions sounding in damages, after judgment by default, writs of inquiry are necessary to ascertain the amount of injury done; and upon the execution of these writs, matters in mitigation on the one hand, and of aggravation on the other, become the very gist of the inquiry. It is doubtless true, that it is not competent for the defendant, after judgment by default, to show, even in mitigation of damages, a state of facts which is inconsistent with the plaintiff's right to recover at all, or which would have been a good plea in bar of the action ;

as for example, in the action of trespass, that the plaintiff had, at the time of the taking or injury, neither the possession, nor the right to the possession of the goods.—*Garrard v. Dollar*, 4 Jones' L. (N. C.) 175 ; *Long v. Wortham*, 4 Texas, 381. But evidence showing that the plaintiff was not the owner of the goods, is not *necessarily* inconsistent with the fact, that he had either the possession, or the right to the possession (which is all the title necessary to support the action) ; and, as the extent of the injury sustained by the plaintiff may depend, very materially, upon the extent of his interest in the property, evidence that he was not the owner is, on the one hand, admissible for the defendant ; and evidence that he was the owner is, on the other, admissible for the plaintiff. The admission of evidence that the plaintiff was not the owner, does not impair the effect of the judgment by default, as an estoppel upon the question of his possessory right, but simply serves to disclose the extent of the injury inflicted upon him ; for he who has a bare possessory right, is not entitled to the same measure of damages, as he who has the absolute property. Sedgwick Dam. 482–3, 530 ; *Brierly v. Kendall*, 10 Eng. L. & Eq. 319 ; *Jones v. Lowell*, 35 Maine, 538 ; *Compton v. Martin*, 5 Rich. L. 14.

[4.] A slave cannot be the owner of property : all his acquisitions, whether by gift, or by the earnings of his labor, belong to his master. It is true that, under our laws, the sale of any article to a slave, without the consent of the master, specifying the article, is a penal offense. But, where the contract has been fully executed, and the property delivered to the slave, it is clear that, as respects third persons, the property becomes at once the property of the master ; and no subsequent act or contract of the slave, without the master's express or implied consent, can divest the latter of his title. It does not lie in the mouth of a third person, who, without such consent of the master, purchases, or takes possession of, property which has been sold and delivered to a slave, to say that the slave got possession of the property by a contract which the law declares

illegal as to the seller.—*Bryant v. Sheeley*, 5 Dana, 530; *Brandon v. Huntsville Bank*, 1 Stew. 320; *Gregg v. Thompson*, 2 So. Ca. Const. Ct. R. 332; *Gist v. Toohey*, 2 Rich. L. 425; Cobb on Slavery, §§ 258, 261–4, 268. It follows, that the court erred, in rejecting the evidence which was offered, to show that the goods had been purchased and paid for by the slave Abb.

What we have said will furnish a sufficient guide to the court below, on another trial, as to the other questions presented by the record.

For the error pointed out, the judgment must be reversed, and the cause remanded.