## BULLARD AND WIFE *vs.* LAMBERT.

[SLANDER FOR WORDS IMPUTING WANT OF CHASTITY TO FEMALE.]

1. *General objection to evidence.*—An objection to evidence, a part of which is not obnoxious to the objection, may be overruled entirely.

2. *Objection to deposition on account of insufficient answers to cross-interrogatories.*—A deposition will not be suppressed on motion, on account of the failure of the witness to answer a cross-interrogatory in the appropriate place, when other portions of the deposition contain a substantial answer to the question ; nor on account of the want of fullness of the answers, when they are substantiallv responsive and sufficient, and there is nothing in the deposition to justify the conclusion, that the witness was seeking to evade a disclosure of facts within his knowledge; nor on account of the failure to answer a question which is not pertinent to the issue; nor where the answer, if made, could not have affected the result of the case.

3. *Evidence in aggravation of damages ; meaning of words as understood by hearers.*—In proving words which are not alleged in the complaint, and which can only be admissible in aggravation of damages, the plaintiff can not prove the sense in which such words were understood by the hearers, or "the impression made on their minds" by such words, unless the case falls within the principle stated in *Robinson v. Drummond,* 24 Ala. 174.

4. *Impeaching witness.*—When a witness testifies, on his direct examination, that he is acquainted with the character of another witness, and that he would not believe said witness on oath, it is permissible to show on cross-examination that he does not understand what is meant by character, and does not use the word in its proper legal signification.

5. *Admissibility of plaintiff's declarations, as tending to show want of chastity.*—The declarations of the female plaintiff, in an altercation between herself and her husband, in reference to her mother-in-law's statements concerning her unchaste conduct as reported and imputed to her by the alleged slanderous words, are competent evidence for the defendant, under the plea of justification, as bearing on the question of her chastity and modesty.

6. *Proof of character ; cross-examination.*—Where a witness, who testifies that the character of the female plaintiff "is good," states on cross-examination "that he never heard anything against her until some time after her marriage, *except what he heard took place between her and S.*" on a specified occasion, to which the defendant's evidence related, there is no error in refusing to exclude the italicized words.

7. *Impeaching witness on cross-examination.*—A witness can not be questioned, on cross-examination, about irrelevant matters affecting his

general credit, for the purpose of contradicting and impeaching him; *secus*, as to matters which affect his credit in the particular case, as by showing hostility towards the party against him he is introduced.

APPEAL from the Circuit Court of Autauga. Tried before the Hon. PORTER KING.

THIS action was brought by Joseph W. Bullard, and Martha R. Bullard, his wife, against Samuel Lambert, to recover damages for certain alleged slanderous words spoken by defendant concerning Mrs. Bullard, imputing to her a want of chastity. The defendant pleaded, "in short by consent," not guilty, justification, and the statute of limitations of one year; and issue was joined on all these pleas. Before entering on the trial, the plaintiffs moved the court to suppress the depositions of James and Nancy Cooper, on account of their failure to answer certain cross-interrogatories propounded to them on the part of the plaintiffs. The court overruled each of these objections, and the plaintiffs excepted.

. On the trial, as the bill of exceptions further shows, the defendant offered in evidence the said depositions of James and Nancy Cooper, who were husband and wife, and who testified to the commission of an act of adultery by Mrs. Bullard and one Samuel Spigner, on a specified occasion when they slept at the house of said witnesses. "The plaintiffs moved the court to exclude from the jury those parts of said depositions which related to what happened between Mrs. Bullard and said Spigner at the house of said witnesses, on the ground that the same was irrelevant." The court overruled the objection, and admitted the evidence; and the plaintiffs excepted.

The plaintiffs introduced one Kennedy as a witness, "who testified that, in February, 1857, the defendant told him that he saw one Ross pass his house one evening, in the direction of Bullard's house; that he did not think the signs were right, and so followed him; that said Ross went to Bullard's spring, where Mrs. Bullard was washing; that he crept close to them, and secreted himself in a thicket, where he overheard their conversation, and witnessed their conduct; and that from the way things went on between them,

she would not do. Plaintiffs asked the witness what he understood the defendant to mean by that language; and the witness answered, that the impression made on him by the language was, that '*Ross and Mrs. Bullard were too thick*'." The court excluded this answer from the jury, on motion of the defendant, and the plaintiffs excepted.

The defendant had taken the depositions of Samuel Bailey and John Works, for the purpose of impeaching the character of Hosea Lecroy, a witness for plaintiffs; each of whom testified, in answer to a direct interrogatory, that he was acquainted with the general character of said Lecroy, and, from that knowledge, would not believe him in a court of justice. The plaintiffs propounded the following cross-interrogatory to each of said witnesses: "What do you mean by general character? If you say that you would not believe Hosea Lecroy on oath, state why you would not." In reply to this interrogatory, said Works said, "I mean by his general character, that I am acquainted with his dealings with men; and the reason why I would not believe him on oath [is], I have known cases that caused me to form that opinion of him." The answer of said Bailey was, "What I mean by general character is, that his character is not good, and from a knowledge I have of his dealings with men; and the reason why I would not believe him on oath, because I have heard him say he would swear to things that I knew to be false." When said depositions were offered in evidence by the defendant, the plaintiffs "objected to the introduction of each separately, on the ground that it was not competent, as shown by the cross-interrogatories." The court overruled the objections, and admitted the evidence; to which the plaintiffs excepted.

The defendant offered in evidence the deposition of Mary Kelly. The plaintiffs had objected to the second direct interrogatory propounded to this witness, on the ground that it called for irrelevant and illegal evidence; and they moved to suppress the answer to said interrogatory, when offered in evidence, on the same grounds. The question and answer were in the following words: "Did you ever witness or hear a dispute between Joseph W. Bullard and Martha, his wife? If so, state all that passed between

them, as nearly as you can remember, and particularly all the charges that he made against her, and when it was, as nearly as you can remember." *Answer :* "I have heard a dispute between said Joseph W. and Martha Bullard. He cursed her, and she told him, if he did not shut his mouth, she would hit him with a rock. He told her, that he had heard her swear as hard as ever he did. She said, that he had heard her swear once about a lie his d——d old mother told on her and Samuel Spigner. This was in March, 1856." The court overruled the objections, and admitted the evidence ; to which, also, the plaintiffs excepted.

The defendant introduced one Allen as a witness, to sustain the character of said James and Nancy Cooper ; and on cross-examination by plaintiffs, said Allen testified, "that the character of Mrs. Martha Bullard was good." On re-examination by defendant, said witness stated, "that he had never heard anything against her until some time after her marriage, except what he heard took place between her and Samuel Spigner at James Cooper's, and he had heard that from James Cooper only." The plaintiffs moved to exclude from the jury " what he said about the occurrence at Cooper's," and reserved an exception to the overruling of their objection. The bill of exceptions states, in this connection, that " there was no evidence of any general report or rumor in the neighborhood, of any occurrence between Mrs. Bullard and said Spigner, at James Cooper's ; nor did the defendant, on the motion to exclude said evidence, announce that he expected to prove any such general rumor or report."

"The defendant, on cross-examination of one Richards, plaintiffs' witness, asked if he did not tell one Benjamin Newman, at Ross' mill, in the spring of 1857, 'that he did not care a d—n about Bullard, but he intended to run Lambert out of the country; that Lambert had a piece of land he wanted, and he would have got it if it had not been for Lambert.' " The bill of exceptions does not set out the answer of the witness, nor does it state that the answer was objected to. The defendant introduced said Newman, and asked him about the conversation referred to ; and the witness stated that, at the time and place designated, such

declarations were made to him by said Richards. The plaintiffs objected to the question propounded to said Newman, " as tending to elicit incompetent and irrelevant testimony," and excepted to the overruling of their objection.

All the overrulings of the court on questions of evidence, to which exceptions were reserved, are now assigned as error.

W. P. CHILTON, and JNO. A. ELMORE, for appellants.

THOS. H. WATTS, L. E. PARSONS, and JNO. T. MORGAN, *contra.*

A. J. WALKER, C. J.—Twenty-four several objections were made by the appellants to the deposition of James Cooper, and nine to the deposition of Nancy Cooper. Each one of these thirty-three objections alleged a failure to answer some cross-interrogatory, and was presented as a reason for the suppression of the deposition, before the commencement of the trial. I dècide that there was no reversible error in the overruling of each one of these many objections. It would avail no useful purpose to give with particularity the reasons for my decision in reference to each objection; and in doing so, I should make this an extremely voluminous opinion. I shall, therefore, content myself with stating, in a general way, the reasons which a careful examination of the separate objections has brought to my view, for sustaining the court below in its rulings.

1-2. Some of the objections are not well taken in point of fact. Some of them, if true to any extent, are not true to the extent alleged; and it was not incumbent on the court to ascertain whether they were true in part.— *Wood v. Barker*, 37 Ala. 60; *Webb v. Kelly*, 37 Ala. 333; *Sterrett v. Kaster*, 37 Ala. 366; *Murphy v. State*, 37 Ala. 42. Some of the questions, said not to be answered, are not noticed in the appropriate place, but matter is found elsewhere in the deposition which responds to them; and this is sufficient to meet the objection.—*Harris v. Miller*, 30 Ala. 221 ; *Spence v. Mitchell*, 9 Ala. 744. Several of the answers, to which objections are made, are not so full as to defy extreme criticism, and are yet capable of standing the test of the doc-

Bullard and Wife v. Lambert.

trine announced in *Buckley v. Cunningham*, (34 Ala. 69,) in the following words :  " The answers to the cross-interrogatories are certainly not chargeable with redundancy ; but, upon a careful examination of them, it appears that all the questions receive a substantial answer ; and as we can discover nothing which would justify us in concluding that the witness was seeking to evade the disclosure of facts within his knowledge, we think that the court committed no error in refusing to suppress his deposition.—*Spence v. Mitchell*, 9 Ala. 744 ;  *Nelson v. Iverson*, 24 Ala. 9". A deposition should not be suppressed, when the question was not pertinent to the issue ; nor when the answer could not have affected the result.—*Gibson v. Goldthwaite*, 7 Ala. 281 ; *Yarborough v. Moss*, 13 Ala. 176.   Influenced by these several reasons and principles in reference to the imputed failures to answer, I approve the rulings of the court upon the motions to suppress the depositions.

3. The court excluded the evidence of the witness Kennedy, as to "the impression made on him" by certain words of the defendant.   These words are not alleged in the complaint, and could have been admissible only in aggravation of damages.   The principle upon which it is permissible to prove the sense in which words were understood, and the class of cases in which such evidence is admissible, are set forth in *Robinson v. Drummond*, 24 Ala. 174.   The evidence here was not proper for the consideration of the jury, upon the authority of that case.   It was more objectionable than the evidence rejected in *Smith v. Gafford*, 33 Ala. 168.   See, also, *Kirksey v. Fike*, 29 Ala. 206.   There is no reason why the "impression made on" a witness by a party's declaration should not be regarded in the same light in this case, as in cases generally.   There was no error in the exclusion of the evidence.

The complaint charged the speaking of words imputing acts of lewdness generally to the plaintiff.   The defendant pleaded justification ; and the testimony of James Cooper and Nancy Cooper, which was objected to, tended to sustain the plea, and was therefore relevant, and properly admitted.

4. Two witnesses Works, and Bailey, examined by the

defendant, answered to the direct interrogatories that they were acquainted with the character of Lecroy, plaintiffs' witness, and that they would not credit his testimony. On cross-examination, they made admissions which tended strongly to show, that they did not understand what was meant by character, and did not speak of his character in reference to his repute among his acquaintances. This presented the common case of an assault in the cross-examination upon testimony drawn out upon the direct examination. The court very properly refused to exclude the evidence, and thus left its weight to the consideration of the jury.

The evidence of Richard Glover was admissible upon the same ground with that of James and Nancy Cooper, as above decided.

5. The altercation between Mr. and Mrs. Bullard, in which there was a statement of the character of her conversation when she was informed of something said by her mother-in-law concerning herself and Mr. Spigner, was properly permitted to go to the jury. Looking to the other evidence, I find there was ground for argument that her mother-in-law had been speaking of lewd conduct, to which the defendant's testimony under the plea of justification pointed. Her conduct and conversation, when informed of what was thus said upon that subject, was proper matter to be considered by the jury, in determining whether she was guilty. They might well inquire, in the light of such evidence, whether her conduct and conversation were such as would characterize a chaste and modest woman, conscious of innocence, and pained by an injury in the tenderest point.

6. There was no error in refusing to exclude the fragment of a sentence in the testimony of Allen, as the court was requested to do by the appellants. The exclusion would have materially changed the import and effect of what the witness did say. It would have left to the jury as evidence an unqualified statement, when in fact the witness only made the statement with an exception.

7. One of the plaintiffs' witnesses, Richards, was asked on cross-examination, whether he did not, to a named individual, and at a specfied time and place, make a declaration

conducing to show hostility to the defendant in this particular case, and a wish to contribute to a result adverse to the defendant; not on account of any regard for the plaintiff, but on account of hostility to the defendant, and a desire to drive him out of the country. The witness having denied the making of such declarations, the plaintiff introduced evidence contradicting him. The question and the contradiction here affected the credit of the witness in the particular case in which he was examined. An established distiction exists · between inquiries on cross-examination about irrelevant matters, which affect the general credit of the witness, and those which affect his credit in the particular case. The distinction is so well drawn in the decisions of this court, that I need not refer to other authorities. A party may sometimes ask on cross-examination as to declarations about irrelevant matters affecting the *general* credibility of a witness, but he must abide by the answer. He can not contradict the witness.—*Seale v. Chambliss,* 35 Ala. 19; *Rosenbaum v. State,* 33 Ala. 354; *Blakey v. Blakey,* 33 Ala. 611; *Ortez v. Jewett,* 23 Ala. 662. On the other hand, where a witness is questioned as to declarations affecting his credit in the case in which he is examined— affecting his particular credit—his answers may be contradicted.—*Lewis v. State,* 35 Ala. 380; *McHugh v. State,* 31 Ala. 317. The question in hand, and the contradiction of it, affected the *credibility* of the witness in the particular case, as contradistinguished from his general credit. The court therefore committed no error in allowing the question to Richards or the contradiction of his answer.

There are many other questions of evidence presented by the bill of exceptions. I have examined them all, one by one, and find no error in the ruling of the court on any of them. I do not perceive any beneficial result which can be produced by writing the arguments influencing me in reference to each one of them, and I see no mode of grouping them, and deciding them upon only general principles. The volume of this opinion would be greatly enlarged without profit to any person, and it would present no principle of law new or difficult. I shall therefore conclude by announcing that I have found no reversible error

in any of the rulings of the court. My brother judges are both incompetent to sit in the case, because they were both of counsel. The parties have consented that my judgment shall be the judgment of the entire court. Nevertheless, this opinion is the opinion of myself alone.

Affirmed.