90 So.2d 94

Charlie POSEY

v.

STATE.

3 Div. 993.

Court of Appeals of Alabama.

Oct. 16, 1956.

586

Beddow & Jones and Roderick Beddow, Jr., Birmingham and W. Clarence Atkeison, Prattville, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The charge was murder in the first degree; the conviction was for manslaughter in the first degree; the punishment was confinement in the penitentiary for six and a half years.

The testimony of the State's witnesses tended to prove the defendant guilty of murder. Defendant's testimony. raised the issue of self defense. Under the conflicting testimony, the question of whether the defendant was justified in killing deceased was for the jury's determination.

The sole argument for reversal made in brief of counsel for appellant is that the court erred in overruling ·appellant's motion to exclude the testimony of the witness Charles Gulledge.

Mr. Gulledge was called as a witness by the State in rebuttal.

The witness testified he had known defendant practically all of his life and that he knew his general reputation in the community where he lived up until the date of the alleged homicide and his reputation was bad. On cross examination the witness stated that he had discussed appellant's reputation with the general public but didn't keep a record about it. He did state that he had mentioned appellant to the brother of deceased after the shooting; that he didn't remember who else he talked to about it; that was the general topic of conversation for a week or two afterwards, and that is about when he talked to all these people.

On redirect examination the witness stated that he knew appellant's general reputation for truth and veracity from what people say about it and that such reputation was bad. On recross examination he testified he didn't know about appellant's truth and veracity personally because he never had any dealings with him; that he never did ask· anybody, and didn't believe he had ever heard anybody talking about it.

.Appellant insists this testimony should have been excluded because the witness' opinion as to defendant's general bad reputation was based on knowledge ascertained after the occasion of the alleged homicide and his testimony as to defendant's reputation for truth and veracity was nothing more than witness' personal opinion.

In Haley v. State, 63 Ala. 83, the court said:

"All the authorities admit, that what the public generally say of a person, and the manner in which he is received and treated in society, are among the tests by which his character is determined. When a witness knows this character, although he may have no personal knowledge of any act of his life, he is competent to testify in regard to it. But, these are not the only sources of the witness' information. He may know his character, although he never heard it canvassed, and does not even know a majority of his neighbors." See also Bullard v. Lambert, 40 Ala. 204; Ward v. State, 28 Ala. 53; Smith v. State, 197 Ala. 193, 72 So. 316; Childs v. State, 58 Ala. 349; Dave v. State, 22 Ala. 23.

It is true that general character or reputation cannot be based on the personal knowledge of the witness. The witness here stated that he had no personal knowledge of his character but knew his reputation from what people said about him.

The witness, having answered in the affirmative the preliminary questions as to whether he knew appellant's general character and his character for truth and veracity, was competent. Any contradictory statements made by him on cross examination as to who he had heard speak of defendant's reputation and the data from which he drew his conclusion "presented the common case of an assault in the cross examination upon testimony drawn out upon the direct examination." Bullard v. Lambert, supra; Stone v. State, 208 Ala. 50, 93 So. 706. The weight to which such testimony was entitled was for the jury to determine. The motion to exclude was properly overruled.

We find no reversible error in the record and the judgment of the trial court is affirmed.

Affirmed.