# Morningstar *v.* The State.

### Indictment for Larceny.

1. *Criminal intent necessary ingredient of offense.*—A conviction cannot be had of the larceny of a stick of timber, "if the defendant had a claim to it, *honestly entertained,* although he knew of an adverse claim by another person."

2. *Abstract charge; what is not.*—When there is any legal evidence tending to establish a material fact in the case, however weak or suspicious the presiding judge may deem it, it is the right of a party to have it passed on by the jury, under an appropriate charge; and such a charge cannot be refused as abstract.

FROM the Circuit Court of Escambia.

Tried before the Hon. JOHN K. HENRY.

The defendant in this case, Henry Morningstar, was indicted for the larceny of "a large stick of square hewn pine timber, of the value of fifty dollars, the personal property of

Mrs. Nancy George;" was convicted, and fined one hundred dollars. The bill of exceptions purports to set, out all the evidence adduced on the trial, but it is not necessary to state it. The defendant asked the court, in writing, to charge the jury as follows : "If the jury believe, from the evidence, that the defendant had a claim, honestly entertained, to the stick of timber in question, at the time it was cut and removed, he was not guilty of larceny in cutting and removing it, although he knew at the time, and prior thereto, of an adverse claim by another person." The refusal of this charge, to which an exception was reserved by the defendant, is the only matter now urged as error. The case was before this court at its June term, 1875, as shown by the report in 52 Ala. 405.

HERBERT & MURPHEY, for the defendant.

JOHN W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The charge asked in this case asserts a correct legal proposition, and should have been given, if there was any evidence before the jury tending to prove "that the defendant had a claim, honestly entertained, to the stick of timber in question."—2 Whar. Amer. Cr. Law, §§ 1769, 1770; *Spivey v. The State*, 26 Ala. 103; *Kirksey v. Fike*, 29 Ala. 208.

There was some testimony tending to show that defendant had some claim to the timber, under his alleged purchase from the "Jordan boys." Whether he removed the timber under this claim ; whether he honestly believed he acquired the timber by virtue of his alleged purchase; or whether he was resorting to this claim of purchase as a pretext, were questions for the consideration of the jury. To the presiding judge the testimony given may seem weak, or suspicious, or may appear to be entirely overborne by other testimony more satisfactory to his mind. The law has not made him the judge of the weight of evidence. If the testimony be legal, and pertinent, and tend, no matter how feebly, to establish any material fact in the issue, it is the right of the prisoner to have it passed upon under an appropriate charge to the jury.—1 Brick. Dig. 338, § 42; *Traun v. Keiffer*, 31 Ala. 136; *Bank of Montgomery v. Plannett*, 37 Ala. 222; *M. & O. Railroad Co. v. Hopkins*, 41 Ala. 486; *Dill v. The State*, 25 Ala. 15. The charge should have been given.

Judgment of the Circuit Court reversed, and cause remanded. Let the prisoner remain in custody, until discharged by due course of law.