# Bonham *v.* The State.

*Indictment for Larceny of Corn, part of Growing Crop.*

1. *Election ; evidence as to other acts.*—The prosecutor, or chief witness for the prosecution, testifying to the commission of the act charged as a larceny in the month of October, the prosecution must be confined to that particular offense, and can not adduce evidence of other distinct acts ; and though the

[Bonham v. The State.]

witness also testifies, on cross-examination, to the commission of other similar acts two or three months previously, this does not authorize the defendant to introduce as evidence his own exculpatory declarations, contemporaneous with those acts, and tending to disprove any criminal intent.

2. *Larceny; what constitutes.*—One of two or more joint owners of a growing or outstanding crop can not be guilty of larceny by taking any part of it while thus held; nor is a person guilty of larceny, because he takes property which he honestly believes belongs to him.

3. *Same; abandonment of crop by one of joint owners.*—When a tenant of lands lets another person have an interest in his contract, under an agreement between them to cultivate the land and divide the crop equally, after paying the rent; and the latter ceases to work, and abandons the crop before maturity, giving as a reason that he did not think they could make any thing; he is guilty of a breach of contract, and forfeits all interest in the crop, the entire property in the matured crop vesting in the original tenant; and whatever may be his rights or remedy against the original tenant, he may be convicted of the subsequent larceny of a part of the growing or outstanding crop.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

The indictment in this case was found at the November term of the court, 1880, and charged that the defendant, Isaac Bonham, " feloniously took and carried away one peck of corn, the same being part of the outstanding crop of corn, the property of *Charles* (?) Kennedy." On the trial, as the bill of exceptions recites, " the defendant having pleaded not guilty, the following proceedings were had : *George* (?) Kennedy, the person alleged in the indictment to be the owner of the corn, testified that he rented the land on which the corn was grown, for the year 1880, from one McWhorter, and it was in said county of Lowndes; that he and the defendant afterwards agreed to cultivate the land together; that each was to furnish himself, and, after the crops were gathered, the rent was to be first paid, and the remainder was to be equally divided between them; that the defendant quit working the crop in the month of June, and refused to work, and did not afterwards work any in it; and that, in the month of October afterwards, he saw the defendant pulling the corn from the stalk in the field. He testified, also, on cross-examination, that he had known the defendant to pull corn out of the field twice before that—once in July, and once in August; and that he had then forbidden him to pull any more. McWhorter, who rented the land to Kennedy, testified, that when the defendant quit working the crop in June, he (witness) went to see him, and tried to get him to continue to work; and that the defendant refused to do so, giving as his reason he did not believe they would make any thing. The defendant then offered to prove, by this witness, that at the time he pulled the corn in July and August, he told George Kennedy that he had an interest in it, and a right to take it. On objection by the State, the court refused

to permit said testimony to go to the jury; to which ruling the defendant excepted. This was all the evidence; and the court thereupon charged the jury, that, if they believed the evidence, the defendant had no right to take any portion of said outstanding crop of corn, against the consent of said George Kennedy. The defendant excepted to this charge, and requested the following charge, which was in writing: 'If the jury find, from the evidence, that the contract under which Kennedy and the defendant cultivated the land was, that after Kennedy had rented the land from McWhorter, for the year 1880, he agreed with defendant to cultivate the land jointly with him, and that, after paying the rent to McWhorter, they were to divide the balance equally, this made Kennedy and the defendant tenants in common of the corn grown, and the defendant is not guilty of larceny in taking the corn cut of the field, although he had ceased to work in the crop before he thus took the corn.' The court refused this charge, and the defendant excepted to its refusal."

The exclusion of the evidence offered, the charge given, and the refusal of the charge asked, are now urged as error.

J. F. CLEMENTS, and R. M. WILLIAMSON, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The criminating evidence in this case locates the act charged as a larceny, in October. Having introduced evidence of that particular act, the prosecution would be held to have elected to try the accused on that particular charge, and would not be allowed to shift the ground, and claim a conviction for another and distinct act.—*Peacher v. The State*, 61 Ala. 22. When the defendant, on cross-examination of the prosecuting witness, proved other acts of a similar character, committed by the defendant in July and August preceding, this did not authorize him to prove his own declarations, made contemporaneously with the proved acts of July and August, tending to show those acts were not larcenous in their intent.—1 Brick. Dig. 843, § 554; *Chaney v. The State*, 31 Ala. 342; *Spivey v. The State*, 26 Ala. 90; *Taylor v. The State*, 42 Ala. 529. To allow evidence of the defendant's conduct on former occasions, to be given in exculpation of his later act for which he was being tried, would be as unreasonable, as to receive evidence against him of a former criminal act, as proof that a later act charged was itself criminal.

It is certainly true, that one tenant in common of an outstanding crop can not be guilty of larceny of any part, or the

[Bonham v. The State.]

whole of the crop, thus held in common. It is not personal property.—Code of 1876, § 4355 ; *Gregg v. The State*, 55 Ala. 116 ; *Smitherman v. The State*, 63 Ala. 24. And parties can not be guilty of larceny of property, the ownership or title of which they honestly believe to be in themselves.—*Morningstar v. The State*, 55 Ala. 148 ; 2 Bish. Cr. Law, § 851 ; *Kirksey v. Fike*, 29 Ala. 206 ; 2 Whar. Amer. Cr. Law, § 1809.

In the testimony in this cause, there seems to have been no conflict. Kennedy, the prosecutor, and Bonham, the defendant, agreed to cultivate McWhorter's land together; each to furnish himself, and, after the crops were gathered, the rent was to be first paid, and the remainder was to be equally divided between them. In June, the defendant ceased to work in the crop, and did not labor any more therein ; and when urged by McWhorter, the landlord, to return, and aid Kennedy in cultivating and harvesting the crop, he refused to do so, giving as a reason that he did not believe they would make any thing. This contract was not made by Bonham with McWhorter. Kennedy had taken the lease from McWhorter, and subsequently took Bonham into the contract. Now, if this testimony be believed, Bonham, the defendant, committed a breach of the contract, and that authorized Kennedy to treat it as at an end, and to adopt other measures for the cultivation of the crop.—*Drake v. Goree*, 22 Ala. 409. To test this principle, let us suppose that, after the maturity and harvesting of the crop, Bonham had sought to recover a share of the crop. The contract between him and Kennedy being executory, he must needs have averred and proved the terms of the contract, and that he, Bonham, had performed his part of it, or had been prevented from doing so by the act of Kennedy.—1 Brick. Dig, 393, §§ 228, 229, a ; *Ib.* 394, § 230; *Davis v. Wade*, 4 Ala. 208. It is manifest that, on the testimony recited in this record, Bonham could have recovered nothing on the contract, and, therefore, he had no interest in the crop *as property*. If he could recover at all, which we do not intimate, it could only be compensation for his work and labor ; which could only be a money recovery, and would give him no interest in the ownership of the crop. We think, however, if the testimony of the witnesses be believed, Bonham abandoned the contract, and all claim to share in the crop that might be grown.

Under these principles, the Circuit Court did not err in the charge given, nor in the refusal to charge as requested. The court correctly told the jury, that under the evidence, if believed, Bonham had no right, without Kennedy's consent, to take any of the outstanding crop ; and the court rightly refused the charge asked, because it ignored a main feature

of the evidence, and treated as unimportant Bonham's cause-less breach of his contract, which the testimony tended to prove.

The judgment is affirmed.