## WASH HEARNE v. THE STATE.

### No. 2422. Decided February 12, 1902.

**Motion for New Trial—Exceptions to Charge of Court—Practice on Appeal.**

Exceptions and objections to the charge of the court in the motion for new trial will not be reviewed where the supposed errors are not specifically pointed out.

Appeal from the District Court of Grimes. Tried below before Hon. J. M. Smither.

Appeal from a conviction of murder in the second degree; penalty, seven years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of John Baxter, on the 6th day of July, 1899, by shooting him with a gun.

The parties had worked together as partners in raising a corn crop. They got into trouble over the fodder, and this was the cause of the killing.

W. A. Sullivan, a justice of the peace, who held the inquest on the dead body, testified that defendant came to him between 11 and 12 o'clock a. m., and told him that he had killed Baxter. That he was plowing in his field when Baxter came up and they had a dispute about the fodder. That Baxter advanced upon him with a drawn knife. That he went to his house, got his gun, returned to the field, and as deceased advanced again upon him with his knife, he shot him. That witness (Sullivan) went to the scene of the killing and found Baxter dead in the field. He was shot with buckshot. There had been a considerable scuffle where deceased was lying, and an open knife was found about ten feet from his body. Defendant testified in his own behalf, and as to the circumstances immediately attendant upon the killing, stated them in effect as he had stated them to the witness Sullivan. He stated that after his return to the field from the house with his gun, deceased advanced upon him with his knife again. He asked him if he intended to cut him with the knife, and he said he did. "I then opened fire; I am satisfied I missed him the first shot, as he continued to advance, when I fired a second shot. He wheeled around. The smoke was so thick I could not tell whether he had fallen or not. I threw out the exploded shells and put in new shells and fired both barrels in the direction I had last seen him. When the smoke cleared up, deceased was lying dead on the ground about twenty or twenty-five feet away." These are the essential facts proven.

No brief for the appellant with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree and his punishment assessed at confinement in the penitentiary for a term of seven years.

The record contains no bill of exceptions. In his motion for new trial appellant complains of the court's charge, his objection being stated as follows: "The court erred in its charge to the jury, which fact will be more fully stated by the amendment hereafter to be filed." The amendment subsequently filed in no particular criticises the charge of the court. The exception to the charge of the court in the original motion is too general to be reviewed, not specifically pointing wherein there is error. Quintana v. State, 29 Texas Crim. App., 403. The evidence amply supports the verdict of the jury. The judgment is affirmed.

*Affirmed.*