## LEONARD GILLAM v. THE STATE.

### No. 7715.  Decided October 17, 1923.

**Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the pistol was not in a condition to be used as a firearm in that the cylinder would not revolve, and defendant had taken it to have it repaired but was unable to get it repaired. The judgment must be reversed and the cause remanded.

Appeal from the County Court of Walker. Tried below before the Honorable A. T. McKinney, Jr.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*M. E. Gates,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State. Cited, Pickett v. State, 10 Texas Crim. App., 290.

MORROW, Presiding Judge.—The appeal is from a judgment assessing against the appellant a fine of one hundred dollars for unlawfully carrying a pistol.

The evidence shows that while the appellant was playing at a game a pistol dropped from his clothing. It was picked up by the

State's witness. Appellant testified that the pistol was not in a condition to be used as a firearm in that the cylinder would not revolve; that he had taken it to have it repaired but was unable to get it repaired. He was corroborated in some degree by the testimony of his father that there were two pistols at his home, both of which were broken. The pistol in question came into the possession of the State's witness, but neither by him nor by anyone else was the testimony of the appellant controverted. The pistol being in the condition described, appellant, under the facts, was not shown to be guilty of any offense. See Cook v. State, 11 Texas Crim. App., 19; Dillingham v. State, 32 S. W. Rep., 771; White v. State, 66 S. W. Rep., 773; Branch Ann. Texas P. C., Secs. 972-973.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*