### John Rush v. The State.

#### No. 7468.   Decided October 31, 1923.

**1.—Theft—Evidence—Hearsay.**

Upon trial of theft there was no error in excluding testimony as to what other witnesses told the witness as this is clearly hearsay.

**2.—Same—Testimony—Evidence—Explanation.**

Defendant had the right to introduce testimony explanatory of his possession or relation to the alleged stolen property. This could be done by his own declaration made at the time or by his testimony during the trial. Following Lewis v. State, 29 Texas Crim. App., 105, and other cases.

**3.—Same—Corpus Delicti—Circumstantial Evidence.**

Where the State relied on circumstances to connect the defendant with the taking of the property from the possession of the owner, the jury should have been charged that to warrant a conviction appellant's presence at the taking or his connection therewith was essential.

4.—Same—Transfer of Case.

Where no error was shown by the bill of exceptions complaining of the transfer of the cause from one court to another, there is no error. Following Littleton v. State, 91 Texas Crim. Rep., 205.

Appeal from the District Court of Wichita. Tried below before the Honorable H. R. Wilson.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Davenport & Thornton* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant is charged with the taking of various articles from the possession of F. W. Weaver.

Certain tools were located in a tool-house on a certain oil lease. Weaver, the owner, two days after missing the articles, found them in Johnson's junk house. Johnson testified that the articles were left with him by appellant and another person for the purpose of sale. Circumstances were introduced tending to connect the appellant with the taking of the property. Appellant testified on the trial that he got the property at a junk yard near a certain warehouse but not at Weaver's tool-house; that one Garner and one Stevens aided in loading it in an automobile, and that he took the articles to Johnson's shop; that he was to receive one-fourth of the proceeds of the sale, but was to put no price on them. He said he did not know the articles had been stolen but believed that they belonged to Garner and Stevens. He was doing the hauling for them and his interest was in compensation for the services so rendered.

The witness Roach testified that, in the absence of appellant, Stevens and Garner, while in possession of the property, had offered to sell it to him. He would have testified further that some days later, Stevens and Garner told him that the property was theirs and that they had gotten the appellant to haul it for them. This proffered testimony was properly rejected as hearsay.

Appellant offered to testify that before agreeing to haul the property for Garner and Stevens, he asked them where they had gotten it; that in reply they stated that they had bought it in the town of Electra and that it was not stolen property, and that it would be absolutely safe for appellant to haul it. The rejection of this testimony is made the subject of complaint.

Appellant, having been found in possession of the stolen property or connected with its possession, had the right to introduce testimony explanatory of his relation to the property. This could be done by his declaration at the time his connection with the property was questioned, or by his testimony given on the trial, or by both methods. Underhill on Crim. Ev., 3rd Ed., sec. 470; Lewis v. State, 29 Texas Crim. App., 105; Johnson v. State, 29 Texas Crim. App., 151; Epsom v. State, 29 Texas Crim. App., 607. The testimony should have been received.

The State relied on circumstances to connect the appellant with the *corpus delicti*, viz., the taking of the property from the possession of the owner. A request was made by appellant that the jury be told that to warrant a conviction, appellant's presence at the taking, or his connection therewith, was essential. It is believed that the evidence called for such a charge, and not having embraced it in the main charge, the court should have given the one requested. See Branch's Ann. Tex. P. C., p. 1337; also Cohea v. State, 9 Texas Crim. App. 175, and other cases cited in Branch's Ann. Tex. P. C., Sec. 2459.

No error is shown by the bill complaining of the transfer of the cause from one court to another. See Littleton v. State, 91 Texas Crim. Rep., 205.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*