27 So.2d 25
### REED v. STATE.
#### 4 Div. 415.

Supreme Court of Alabama.
July 25, 1946.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the petition.

J. C. Yarbrough, of Enterprise, opposed.

LIVINGSTON, Justice.

In Barnett v. State, 89 Ala. 165, 7 So. 414, 415, it is said:

"The general rule unquestionably is that the advice of counsel can afford no protection against the punitive consequences of criminal acts. Whatever the rights of a defendant are in respect to the doing of the act charged, they are available to him in defense, whether he was advised of them or not; and no amount of assurance, even from those learned in the law, of the existence of rights in the premises, which in point of fact do not exist, can justify or excuse an act otherwise criminal. The giving of such assurance or advice neither increases nor diminishes criminality in any degree, and evidence of it is therefore irrelevant. Weston v. Com., 111 Pa.St. 251, 2 A. 191.

"One of the exceptions to the general doctrine is found in those cases of alleged perjury, in which the truth or falsity of the matter charged as being willfully and corruptly false is a mixed question of law and fact. If, in such case, the facts are fully and in good faith laid before counsel, and upon them he advises, as a matter of law, that a certain statement may be made which will be the truth, and, acting on this advice, the client swears to the statement believing he has been correctly advised, it cannot be said that this oath is willfully and corruptly false, and hence a charge of perjury can not be predicated upon it. Instances of this kind usually occur with respect to affidavits, the truth of which depend upon some question of law,—as for attachment, where the question is fraud vel non in the disposition of property by the debtor; or in a bankrupt's schedule, —and he is wrongly advised that certain property may be omitted, etc. United States v. Conner [Fed.Cas. No. 14,847] 3 McL. C.C. 573; Hood v. State, 44 Ala. 81; State v. McKinney, 42 Iowa 205; United States v. Stanley [Fed.Cas. No. 16,376] 6 McLean 409."

The opinion of the Court of Appeals is not to be understood as erecting erroneous advice of counsel into a legal barrier against guilt. On mixed questions of law and fact, advice of reputable coun-

sel given on full disclosure of the facts and followed in good faith, would be a matter to be considered by the jury in determining defendant's guilt. Barnett v. State, supra; Shushan v. U.S., 5 Cir., 117 F.2d 110, 133 A.L.R. 1040, and note p. 1055; Rush v. State, 95 Tex.Cr.R. 464, 255 S.W. 403; 36 C.J. 888. See also Krasner v. State, Ala.Sup., 26 So.2d 526.

Interpreting, as we do, the opinion of the Court of Appeals to come within the above statement of the rule, the writ of certiorari is due to be, and is, denied.

Writ denied.

GARDNER, C. J., concurs.

LAWSON, SIMPSON and STAKELY, JJ., concur specially.

BROWN and FOSTER, JJ., dissent.

SIMPSON, Justice (specially concurring).

In recording my concurrence with the opinion of Mr. Justice Livingston it is not to be understood as disagreeing with the legal principles stated in the dissent of Mr. Justice Foster. Both opinions correctly postulate the law, but in its application it seems to me the dissenting opinion has placed too limited a construction on the factual matters dealt with in the opinion of the Court of Appeals as related to the point involved.

It is sound to assume that that Court was also familiar with the legal principles controlling, and a reasonable interpretation of the opinion of that Court would be that the proposition on which the appellant sought legal advice did, in fact, involve a doubtful question of the title to the corn in dispute, thereby necessitating the appellant's procuring legal advice as to his rights in the premises. If so, both opinions concur that it was permissible to prove that he sought and obtained the advice of a lawyer as to his right to move the corn as bearing on the inquiry of felonious intent.

So interpreting the opinion of the Court of Appeals, I agree with the majority that the writ should be denied.

LAWSON and STAKELY, JJ., concur in this view.

FOSTER, Justice (dissenting).

Where the matter involves no question of law but only one of fact, defendant cannot prove that he acted under legal advice, especially when it does not appear that he truthfully stated the facts to the attorney. Barnett v. State, 89 Ala. 165, 7 So. 414; 133 A.L.R. 1060; Williamson v. U. S., 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278.

In this case the disputed question was only one of fact, whether defendant had sold the corn to Mr. Forehand. If he had done so, he had actual knowledge that he did not own it, and he asserts no other claim to it and could not therefore move it away when he left the premises. Under such circumstances his taking the corn with the intent to deprive Mr. Forehand of it, when he had no claim to it, was felonious in law, and the court could and probably did so charge the jury. On the other hand if he did not sell the corn to Mr. Forehand he owned it and his taking it could not have been felonious. Morningstar v. State, 55 Ala. 148; Bonham v. State, 65 Ala. 456; Morrisette v. State, 77 Ala. 71; Black v. State, 83 Ala. 81, 3 So. 814, 3 Am.St.Rep. 691; Barnes v. State, 103 Ala. 44, 15 So. 901.

The opinion of the Court of Appeals does not show what he proposed to prove that he told the attorney. But he must have told him either that he had sold the corn, or that he had not sold it, and that it was still his. If he told the attorney that he had sold it and had no other claim to it he knew that as a matter of right he had no authority to move it on plain and clear principles of law, of which he cannot claim ignorance; there would be no question of law involved. If under those facts his right to the corn and to move it although he had sold it was doubtful and uncertain, advice of counsel might be helpful and competent evidence. But under those circumstances it cannot be presumed that he did not know that he could not take it so as to deprive the owner of it.

But he may have told the attorney that he owned the corn. That was in itself a

complete defense if true, and doubtless the court so charged the jury, and advice of counsel to the effect that in that event he could move the corn would not aid the defense. If the corn was his own, its removal was not felonious as a matter of law and the defendant was in that event due to be acquitted. Advice of counsel would have added in that event nothing to his right to an acquittal.

If the legal nature of defendant's claim be uncertain upon a true statement of the facts, legal advice is relevant on the question of motive or intent, as in the Krasner case, Ala.Sup., 26 So.2d 526.[1] There is then a question of law involved. Or if his right to move the corn is not clear and he states the true situation to counsel, his advice would be competent when the exercise of that right is claimed to be felonious.

But the facts stated to counsel are either true or they are not true. When if true those facts constitute a complete defense, and ipso facto disprove the felonious intent, the advice of counsel would be pro forma and immaterial. If they are not true, then advice of counsel based on a false statement of facts cannot serve a useful purpose.

BROWN, J., concurring.