STATE, Respondent, v. WEINMAN, Appellant.

*April 4—April 30, 1963.*

For the appellant there was a brief by *Oldenburg, Manzer & Johnson* of Madison, and oral argument by *Hugh F. Oldenburg*.

For the respondent the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief were *George Thompson*, attorney general, and *William D. Byrne*, district attorney of Dane county.

Gordon, J. Although a number of issues have been raised by counsel, we consider that the appeal may be resolved by our ruling upon the defendant's application for a new trial. Weinman's request for a new trial is based upon the following instruction given to the jury by the trial court:

"In this case you have the power, if you see fit, to find that Mrs. Breakfield did not meet her death because of injuries sustained in the automobile accident in question; but, in case you should do so, you would disregard the undisputed facts and the law applicable to this case."

The members of this court are unanimous in their view that, upon the facts of the instant case, the foregoing instruction should not have been given and that it was prejudicial to the defendant. This necessitates a new trial.

We recognize that an instruction similar to the one used in the instant case has been approved by this court in the past. *Balthazor v. State* (1932), 207 Wis. 172, 186, 240 N. W. 776; *Schmidt v. State* (1914), 159 Wis. 15, 21, 149 N. W. 388. The circumstances under which this court has said the instruction could be used were limited by the following language in *Balthazor v. State, supra,* at page 186: "Of course an instruction of this kind is not to be given except in clear cases, . . ."

Whether Mrs. Breakfield met her death because of injuries sustained in the accident is sufficiently in doubt upon

this record so as to have made the giving of the foregoing instruction prejudicially improper. Furthermore, a majority of the members of the court concludes that an instruction such as was employed in the instant case is improper under any circumstances in a criminal case.

In *Schmidt v. State, supra,* at page 24, Mr. Justice TIM-LIN, in dissent, stated with reference to comparable instructions:

"To me the above instructions are equivalent to directing a verdict of guilty. True, the court gives the jury the alternative of committing perjury, that is, disregarding the undisputed facts and the law applicable to the case, if they choose. If it is to be the law of this state that a trial judge may direct a jury to bring in a verdict of guilty in a criminal case, so be it. But until it is authoritatively decided that a judge may do so I cannot bring myself to approve the foregoing instructions upon any pretense that they are not the equivalent of directing a verdict of guilty."

The court now adopts the position that the instruction in question is improper in any criminal case; accordingly, *Balthazor v. State, supra,* and *Schmidt v. State, supra,* insofar as they hold to the contrary, are overruled.

*By the Court.*—Judgment reversed; cause remanded for a new trial.

WILKIE, J., took no part.