THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MANUEL RODRÍGUEZ SIERRA, Defendant and Appellant.

No. CR-64-287. Decided June 30, 1967.

192

*Miguel E. Herrero Frank* and *José M. Herrero* for appellant.
 *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant witnessed a criminal act. The prosecuting attorney who investigated the crime took his sworn statement. At the hearing of the case the prosecuting attorney did not use him as a witness. The defendant called him as his witness. In his testimony at the trial he asserted that the victim was standing when he was shot to death. In the sworn statement before the prosecuting attorney he had stated that the victim was sitting. *People* v. *Cotto Torres,* 88 P.R.R. 22 (1963). The position of the victim at the time of the aggression was an essential fact. See *People* v. *Ortiz,* 85 P.R.R. 152 (1962). Having changed his sworn statement, the defendant was accused of perjury.[1]

---

[1] The information reads thus:
 "Said defendant, José Manuel Rodríguez Sierra, k/a 'Putty,' on or about February 18, 1960, and in San Juan, P.R., which is part of the Judicial District of San Juan, Puerto Rico, illegally, voluntarily, maliciously, and criminally, at the trial which was being held on said day in the Superior Court of Puerto Rico, San Juan Part, for the offenses of Murder in the First Degree, Illegal Carrying and Possession of Weapons, Criminal Cases Nos. G-59-475, 476 and 477, against Modesto

At the hearing of the case, after the prosecution presented its evidence, defendant admitted having changed his sworn statement. He accepted what the information charged, but explained that he did it because in the principal case defendant's counsel told him "to change [the] statement, since it is not valid, 'you can say that the man was standing.'" He testifies that he reiterated to the attorney that the man was sitting, but the attorney again repeated to him that since the statement offered before the prosecuting attorney was not valid anymore, he advised him to change it; that as it had been waived by the prosecuting attorney he was not acting wrongfully.[2] In a part of his testimony he hinted that the defendant in the principal case threatened him to make him change his statement.

After appellant testified, the judge decided that his testimony was equivalent to a plea of guilty. He decided that since the explanation offered by the defendant to change his statement did not constitute defense, even assuming that what he asserted was true, the proper thing to do was to instruct the jury to render a verdict of guilty. So he did, and the defendant was pronounced guilty.

■ It is the duty of every citizen called to testify in court to tell the truth always. Confidence in the courts of

---

Cotto Torres, defendant herein, testifying in the aforementioned cases, being duly sworn to testify the truth in said court, *wilfully and contrary* to said oath, testified that when Modesto Cotto Torres fired at Francisco Rivera Rodríguez, he hid himself and did not see Modesto Cotto Torres fire the other shots and that when Modesto Cotto Torres fired the first shot, Francisco Rivera Rodríguez was standing, such facts being known to said defendant to be false, and such facts being essential in the cases under prosecution, since previously and on May 3, 1959, this same defendant appeared before prosecuting attorney Ismael Betancourt Lebrón in the Superior Court, San Juan Part, who as such, was authorized to administer such oath; and being duly sworn said defendant testified that he saw when Modesto Cotto Torres fired three shots at Francisco Rivera Rodríguez and that the latter was sitting on a sidewalk when Modesto Cotto Torres started to fire." (Italics ours.)

[2] The prosecuting attorney called the attorney as witness and the latter denied appellant's testimony.

justice would be undermined if witnesses are permitted to trespass their oath with impunity. To safeguard the confidence which the citizens should have in the administration of justice, it has been a general rule of the courts that a witness cannot justify his testimony on the ground that he gave it under advice of counsel or under compulsion. That perjury be committed on the advice of counsel does not excuse defendant from the consequences thereof if the advice was given solely on a matter of fact. *Williamson* v. *United States*, 207 U.S. 425 (1908); *Barnett* v. *State*, 7 So. 414, 415 (Ala. 1890); Jackson, *Perjury*, 24 Brooklyn L. Rev. 79–92 (1957); 3 Wharton, Criminal Law and Procedure, § 1325 (1957 ed.); 4 Am. Jur., § 12. He is not excused either from the consequences of perjury because of threats. *Hardin* v. *State*, 211 S.W. 233–240 (Texas 1919); *Reed* v. *State*, 27 So.2d 25 (Ala. 1946); *Bain* v. *State*, 7 So. 408 (Miss. 1890); Annotation 4 A.L.R. 1319; 3 Wharton, § 1327, *supra;* 38 Cal. Jur. § 12 (1957); 47 Am. Jur. § 11. The reason for this rule is that as the impelling danger which the threats entail is not imminent, the person has the opportunity to appeal to the law. "The social system would be subverted, and there would be no protection for persons or property, if the fear of man, needlessly and cravenly entertained, should be held to justify or excuse breaches of the criminal laws of the state, and to excuse or justify the crime of perjury." *Bain* v. *State, supra.*

In this case appellant himself asserted that he had ratified when conferring with the attorney, whom he alleges advised him to change in his testimony, what he had testified before the prosecuting attorney during the investigation: that the victim was sitting when he was attacked. Notwithstanding this, in his testimony at the trial, after being duly sworn to testify the truth, he stated that the victim was standing.

We must determine now whether, after the defendant admitted he had committed perjury, the judge was correct

in instructing the jury to return a verdict of guilty. Although apparently, according to the testimony offered by appellant there was no conflict in the evidence to be settled, there still remained a question on which the jury had to pass: the intention. *People* v. *Clark,* 295 N.W. 370 (Mich. 1940).

 The doctrine generally accepted is that after the defendant has pleaded not guilty, it is incumbent upon the jury to determine whether or not the former is guilty and the judge may not direct a verdict of guilty no matter how conclusive the evidence is to that effect.[3] *Brotherhood of Carpenters* v. *United States,* 330 U.S. 395, 408 (1947). The plea of not guilty has the effect of controverting all the evidence presented. The Constitution guarantees a trial by jury (Art. II, § 11) and the judge is not authorized to deny it on the basis of his interpretation of defendant's actions. *Sparf and Hansen* v. *United States,* 156 U.S. 51 (1895); *United States* v. *Taylor,* 11 Fed. 470 (C.C. 1882); *State* v. *Weinman,* 121 N.W.2d 295 (Wis. 1963); *State* v. *Higgin,* 99 N.W.2d 902 (Minn. 1959); *People* v. *Clark, supra;* Slovenko, *Jury Verdict in Criminal Law,* 20 La. L. Rev. 657, 690 (1960); Farley, *Instructions to Juries— Their Role in the Judicial Process,* 42 Yale L.J. 194, 220 (1932); Annotation, 72 A.L.R. 899 (1931); Annotation, 22 L.R.A. (n.s.) 304 (1908); Note, 19 Mich. L. Rev. 325 (1920); Note, 27 Mich. L. Rev. 582 (1929); Note, 39 Mich. L. Rev. 1234 (1941); 4 Barron & Holtzoff, Federal Practice and Procedure, § 2221, Rules Edition (1951); Zoline, Federal Appellate Jurisdiction and Procedure, § 127 (3d ed.

---

[3] Section 257 of the Code of Criminal Procedure, 34 L.P.R.A. § 736, provided that if the court deems the evidence insufficient, it shall peremptorily instruct the jury to acquit the defendant. Rule 135 of the Rules of Criminal Procedure of 1963 abolished said practice. If under the rule in force the judge is not authorized to instruct the jury to return a verdict of not guilty, where the evidence is not sufficient to support the information, it may not be instructed either to return a verdict of guilty.

1928); 2 Bishop, New Criminal Procedure 813, § 977(2) (1913). But see Henderson, *Directed Verdicts for the Prosecution in Criminal Cases*, 7 Wyo. L.J. 37 (1952) and compare with *People* v. *Farnum*, 51 Cal. Rptr. 327 (1966).

Even in the federal jurisdiction, where the judge is authorized to comment on the evidence presented in criminal cases, *Dillon* v. *United States*, 279 Fed. 639 (2d Cir. 1921); Schilpp, *Power to Comment on the Issue of Guilt—Trial by Jury or Trial by Judge*, 9 Vill. L. Rev. 440, 442 (1964), the judge is not authorized to direct the jury to render a verdict of guilty. It is thus accepted by the majority opinion in *Horning* v. *District Court of Columbia*, 254 U.S. 135 (1920), and the judges who dissented did so because they believed that the judge's remark in analyzing the evidence was equivalent to having ordered a verdict of guilty. It is required that it be clearly explained to the jury that it should not feel bound by the opinion of the judge. *Dillon* v. *United States, supra.*

■ Thus, in this case, the proper thing to do was to instruct the jury as to the law, as we have stated previously; that having changed the testimony under advice of counsel or under threats, does not constitute defense. But it was incumbent upon the jury and not upon the judge to make the final determination on defendant's criminal liability.

The judgment will be reversed and a new trial ordered.