EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ
MANUEL RODRÍGUEZ SIERRA, acusado y apelante.

*Número:* CR-64-287      *Resuelto:* 30 de junio de 1967

*Miguel E. Herrero Frank* y *José M. Herrero,* abogados del ape-
lante; *J. F. Rodríguez Rivera, Procurador General Interino*
y *Manuel Tirado Viera, Procurador General Auxiliar,* aboga-
dos de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante presenció un hecho de sangre. El fiscal que investigó el crimen le tomó una declaración jurada. Durante la vista del caso el fiscal no lo utilizó como testigo. La defensa lo presentó como testigo suyo. En su testimonio en el juicio afirmó que la víctima estaba de pie cuando recibió los disparos que le privaron de la vida. En la declaración prestada ante el fiscal había expresado que estaba sentada. *Pueblo* v. *Cotto Torres*, 88 D.P.R. 23 (1963). La posición de la víctima al momento de la agresión era un hecho esencial. Véase *Pueblo* v. *Ortiz Colón*, 85 D.P.R. 160 (1962). Por haber variado su declaración fue acusado de perjurio.[1]

En la vista del caso, luego de desfilar la prueba de cargo, el acusado admitió haber variado su declaración. Aceptó lo que la acusación le imputaba, pero explicó que lo hizo porque el abogado del acusado en el caso principal le dijo "que cambiara [la] declaración, como no era válida 'tú puedes decir que el hombre estaba parado'." Declara que le reiteró

---

[1] Así lee la acusación:

"El referido acusado José Manuel Rodríguez Sierra c/p 'Putty', allá en o para el 18 de febrero de 1960, y en San Juan, P.R., que forma parte del Distrito Judicial de San Juan, Puerto Rico; ilegal, voluntaria, maliciosa y criminalmente, durante la vista del juicio que por los delitos de Asesinato en Primer Grado, Portar Armas y Posesión Ilegal de Armas se celebraban dicho día ante el Tribunal Superior de Puerto Rico, Sala de San Juan, Casos Criminales números G-59-475, 476 y 477 contra Modesto Cotto Torres, el aquí acusado declarando como testigo en los casos mencionados y después de haber prestado juramento de declarar la verdad ante dicho Tribunal, *intencionalmente y contrario* a dicho juramento declaró que cuando Modesto Cotto Torres hizo un disparo a Francisco Rivera Rodríguez, él se escondió y no vio a Modesto Cotto Torres hacer los otros disparos y que cuando Modesto Cotto Torres hizo el primer disparo, Francisco Rivera Rodríguez estaba de pie, sabiendo que esos hechos eran falsos y siendo dichos hechos esenciales en los casos que se ventilaban, ya que anteriormente y con fecha 3 de mayo de 1959 este mismo acusado compareció ante el Fiscal Ismael Betancourt y Lebrón del Tribunal Superior, Sala de San Juan, y que como tal estaba autorizado para tomar juramento y previo juramento declaró que él vio cuando Modesto Cotto Torres le hizo tres disparos a Francisco Rivera Rodríguez y que éste estaba sentado en una acera cuando Modesto Cotto Torres empezó a disparar." (Énfasis suplido.)

al abogado que el hombre estaba sentado pero que el abogado volvió y le repitió que como la declaración que había prestado ante el fiscal ya no era válida le aconsejó que la cambiara; que como había sido rechazada por el fiscal no incurría en responsabilidad.(2) En una parte de su declaración insinúa que el acusado en el caso principal lo amenazó para que cambiara la declaración.

Luego de declarar el apelante el juez resolvió que su testimonio equivalía a una admisión de culpabilidad. Resolvió que como no constituía defensa la explicación dada por el acusado para cambiar su declaración, aun suponiendo que fuera cierto lo que afirmaba, lo que procedía era instruir al jurado para que rindiera un veredicto de culpabilidad. Así lo hizo y el acusado fue declarado culpable.

■ Es deber de todo ciudadano llamado a declarar ante una corte, decir siempre la verdad. La confianza en las cortes de justicia se minaría si se permitiese que impunemente los testigos faltaran al juramento prestado. Para salvaguardar la confianza que la ciudadanía debe tener en la administración de la justicia, ha sido norma constante de los tribunales establecer que un testigo no está relevado de decir la verdad porque se lo aconseje un abogado o porque sea amenazado. El que el perjurio se cometa por seguir el consejo de un abogado no releva de responsabilidad, si el consejo fue dado sobre una cuestión de hechos solamente. *Williamson* v. *United States*, 207 U.S. 425 (1908); *Barnett* v. *State*, 7 So. 414, 415 (Ala. 1890); Jackson, *Perjury*, 24 Brooklyn L. Rev. 79–92 (1957); 3 Wharton *Criminal Law and Procedure*, sec. 1325 (ed. 1957); 4 Am. Jur. § 12. Tampoco releva de responsabilidad el haber perjurado por haber sido amenazado. *Hardin* v. *State*, 211 S.W. 233–240 (Texas 1919); *Reed* v. *State*, 27 So.2d 25 (Ala. 1946); *Bain*

---

(2) El fiscal presentó al abogado como testigo y éste negó lo declarado por el apelante.

v. *State*, 7 So. 408 (Miss. 1890) ; Anotación, 4 A.L.R. 1319; 3 Wharton, sec. 1327, *supra*; 38 Cal. Jur. § 12 (1957) ; 47 Am. Jur. § 11. La razón para esta regla es que como el peligro que conlleva la amenaza no es inmediato, la persona tiene la oportunidad de recabar la protección de las autoridades. "Se subvertiría el orden social y faltaría la protección a las personas o a los bienes, si se sostuviera que el temor del individuo, innecesario y cobardemente abrigado, justifica o excusa las violaciones a las leyes penales del estado, y que excusa o justifica el delito de perjurio." *Bain* v. *State*, supra.

En este caso el propio apelante afirmó que él ratificó en su conversación con el abogado que alega le aconsejó cambiara su declaración lo que había declarado al fiscal durante la investigación: que la víctima estaba sentada cuando fue agredida. No obstante esto, cuando declara en el juicio luego de prestar juramento de decir la verdad, afirma que la víctima estaba parada.

Procede ahora determinar si, habiendo admitido el apelante que perjuró estuvo correcto el juez al instruir al jurado para que rindiera un veredicto de culpabilidad. Si bien de acuerdo con la declaración prestada por el apelante aparentemente no había conflicto en la prueba que dirimir, todavía quedaba una cuestión sobre la cual el jurado tenía que pasar: la intención. *People* v. *Clark*, 295 N.W. 370 (Mich. 1940).

██ La doctrina generalmente aceptada es que una vez hecha alegación de inocencia por un acusado el jurado es el que debe determinar si el acusado es culpable o no porque el juez no puede instruir para que se dicte un veredicto de culpabilidad irrespectivamente de que la prueba sea concluyente a ese efecto.(³) *Brotherhood of Carpenters* v. *U.S.*,

---

(³) El Art. 257 del Código de Procedimiento Criminal, 34 L.P.R.A. sec. 736, disponía que el tribunal ordenaría perentoriamente al jurado que absolviera al acusado si consideraba que la prueba era insuficiente. La Regla 135 de las de Procedimiento Criminal de 1963 abolió esa práctica.

330 U.S. 395, 408 (1946). La alegación de inocencia tiene el efecto de controvertir toda la prueba presentada. La Constitución garantiza un juicio por jurado (Art. II, Sec. 11) y el juez no está autorizado a negarlo a base de interpretar las actuaciones del acusado. *Sparf and Hansen* v. *United States*, 156 U.S. 51 (1895); *United States* v. *Taylor*, 11 Fed. 470 (C.C.D. Kan. 1882); *State* v. *Weinman*, 121 N.W.2d 295 (Wis. 1963); *State* v. *Higgin*, 99 N.W.2d 902 (Minn. 1959); *People* v. *Clark*, supra; Slovenko, *Jury Verdict in Criminal Law*, 20 La. L. Rev. 657, 690 (1960); Farley, *Instructions To Juries—Their Role in the Judicial Process*, 42 Yale L.J. 194, 220 (1932); Anotación, 72 A.L.R. 899 (1931); Anotación, 22 L.R.A. (n.s.) 304 (1908); Nota, 19 Mich. L. Rev. 325 (1920); Nota, 27 Mich. L. Rev. 582 (1929); Nota, 39 Mich. L. Rev. 1234 (1941); 4 Barron & Holtzoff, *Federal Practice and Procedure, Rules Edition*, sec. 2221 (ed. 1951); Zoline's, *Federal Appellate Jurisdiction and Procedure*, sec. 127 (3rd ed. 1928); 2 Bishop's, *New Criminal Procedure*, sec. 977, No. 2, pág. 813 (1913). Pero véase Henderson, *Directed Verdicts For the Prosecution in Criminal Cases*, 7 Wyo. L.J. 37 (1952) y compárece *People* v. *Farnum*, 51 Cal. Rptr. 327 (1966).

Aun en la jurisdicción federal donde el juez está autorizado a comentar la evidencia presentada en casos criminales, *Dillon* v. *United States*, 279 Fed. 639 (2d Cir. 1921); Schillp, *Power to Comment on the Issue of Guilt Trial by Jury or Trial by Judge*, 9 Vill. L. Rev. 440, 442 (1964), no se permite que el juez instruya al jurado para que rinda un veredicto de culpabilidad. Así lo reconoce la opinión de la mayoría en *Horning* v. *District of Columbia*, 254 U.S. 135 (1920), y los jueces que disintieron lo hicieron porque enten-

---

Si no se permite bajo el procedimiento vigente instruir al jurado para que rinda un veredicto de inculpabilidad en casos donde la prueba sea insuficiente para sostener la acusación, tampoco puede instruirse para que rinda un veredicto de culpabilidad.

dían que el comentario que hizo el juez al analizar· la evidencia equivalía a haber ordenado un veredicto de culpabilidad. Se requiere que al jurado se le haga claro que no está obligado por la opinión expresada por el juez. *Dillon* v. *United States,* supra.

■ Así en este caso lo que procedía era instruir al jurado sobre la ley tal y como la hemos expuesto anteriormente: que haber variado el testimonio por haberlo aconsejado el abogado o por haber sido amenazado no constituye defensa. Pero era el jurado y no el juez el que tenía que haber hecho la determinación final sobre la responsabilidad criminal del acusado.

*Se revocará la sentencia y se ordenará la celebración de un nuevo juicio.*